MINES AND MINING
The Conservation Commission and Conservation Districts have the power to administer the state program aspect of Title IV (Abandoned Mines) of the Federal Surface Mining Control and Reclamation Act of 1977 (Public Law 95-87). The Attorney General has considered your request for an opinion wherein you ask the following question: "Do the Conservation Commission and Conservation Districts have the power to administer the state program aspect of Title IV (Abandoned Mines) of the Federal Surface Mining Control and Reclamation Act of 1977 (P.L. 95-87)?" As stated in the preamble, the Surface Mining Control and Reclamation Act of 1977 (Public Law 95-87) H.R. 2 ; (August 3, 1977) is "an Act to provide for the cooperation between the Secretary of the Interior and the States with respect to the regulation of surface coal mining operations, and the acquisition and reclamation of abandoned mines. . . ." In Section 102(h) of said Public Law found in 30 U.S.C. § 1202
one of the state purposes of the Act is to: "Promote the reclamation of mined areas left without adequate reclamation prior to the enactment of this Act and which continue, in their unreclaimed condition, to substantially degrade the quality of the environment, prevent or damage the beneficial use of land or water resources, or endanger the health or safety of the public. . . ." A review of remaining portions of the Act clearly indicate that the reclamation portions are designed in essence to effectuate soil and water conservation measures. By virtue of30 U.S.C. § 1235 "each State having within its borders coal mined lands eligible for reclamation under this title, may submit to the Secretary a State Reclamation Plan and annual projects to carry out the purposes of this title." Section 405(e) of the Federal Act requires that each plan not only identify areas to be reclaimed but also the legal authority and programmatic capability to perform such work in conformance with the provisions of the title. Volume30 U.S.C. § 1253 expands upon the provisions of Section 405(e) of the Act discussed above. This provision requires that States which wish to assume exclusive jurisdiction over reclamation operations submit a state program which demonstrates that such State has the capability of carrying out the provisions of the Act and meeting its purposes through: "1. A state law which provides for the regulation of surface coal mining and reclamation operations in accordance with the requirements of this Act. . . ." By virtue of 45 O.S. 721 [45-721], et seq. (1971) and 45 O.S. 731 [45-731] (1977), the Department of Mines is vested with the responsibility of determining whether or not a mine operator has completed reclamation requirements pursuant to the "Mining Lands Reclamation Act" of 1971. Said Act requires that each application for a permit to engage in surface mining be accompanied by a plan of reclamation. Thus, any statutory authority vested in the Department of Mines is tied in with the permitting procedure. There is no language in said legislation to vest the Department with exclusive jurisdiction over reclamation projects unassociated with their permitting authority. This observation is of particular relevance when considered in connection with Section 404 of the Federal Act which provides: "Lands and water eligible for reclamation or drainage abatement expenditures under this title are those which were mined for coal or which were affected by such mining, wastebanks, coal processing, or other coal mining processes, and abandoned or left in an inadequate reclamation status prior to the date of enactment of this Act, and for which there is no continuing reclamation responsibility under state or federal laws." Since the State Mining Lands Reclamation Act of 1971, which is administered by the State Department of Mines, does not provide for reclamation of abandoned mines or mines left in an inadequate reclamation status (operational and abandoned prior to the effective date of the State Act) it is apparent that Oklahoma (if it has mines abandoned prior to the 1971 State Act which have not been effectively reclaimed) has lands and water eligible for reclamation drainage expenditures under the Federal Act. In order to ascertain whether or not the Conservation Commission and the Conservation Districts have the requisite statutory jurisdiction to administer a state program pursuant to the terms and conditions of the Federal Surface Mining Control and Reclamation Act, as discussed above, we must review the powers and duties of such Commission and Districts and compare them with the goals and purposes of the Federal Act to determine whether or not the jurisdiction of the former will allow the performance of acts necessary to fulfill the latter. As indicated in 82 O.S. 1501-102 [82-1501-102] (1971), it was the intent of the Legislature in creating the Conservation Commission ". . . to provide for the conservation of the renewable natural resources of the State, and for the control and prevention of soil erosion, and for the prevention of flood water and sediment damages, and for furthering the conservation, development, utilization and disposal of water, etc." By statutory definition 82 O.S. 1501-103 [82-1501-103](10) renewable natural resources include land, soil, excess surface water, vegetation, trees, natural beauty, scenery and open space. The powers and duties of the Commission are set forth in 82 O.S. 1501-205 [82-1501-205]. Enumerated therein is the statutory authorization to offer such assistance as may be appropriate to the Directors of Conservation Districts in the carrying out of any of their powers and programs; to assist and guide Districts in the preparation and carrying out of programs for resource conservation authorized under the Act; to review District programs; to coordinate the programs of the several Districts and resolve any conflicts in such programs; to facilitate, promote, assist, harmonize, coordinate and guide the resource conservation programs and activities of the Districts as they relate to other special purpose districts, counties and other public agencies; to accept donations, grants, gifts and contributions in money, services or otherwise from the United States or any of its agencies or from the State or any of its agencies in order to carry out the purposes of this Act; to distribute to Conservation District funds, equipment, supplies and services received by the Commission for that purpose from any source, subject to such conditions as shall be made applicable thereto in any state or federal statute or local ordinance making available such funds, property or services; and to carry out the policies of this State and programs at the state level for the conservation of the renewable natural resources of this State and to represent the state in matters affecting such resources. The powers and duties of Districts and Directors are set forth in 82 O.S. 1501-205 [82-1501-205]. Enumerated therein is the statutory authorization to make surveys and investigations relating to the conservation of renewable natural resources, and the preventive and control measures and works of improvement needed; to conduct operations for the conservation of renewable natural resources within the District on lands owned or controlled by this State or any of its agencies; and to cooperate or enter into agreements with, and, within the limits of appropriations duly made available to it by law, to furnish financial or other aid to any agency, governmental or otherwise, or to any owner or occupier of lands within the District, subject to such conditions as the Directors may deem necessary to advance the purposes of the Act; and finally, to develop resource conservation programs and annual work plans as provided in the Act. In comparing the basic purpose of the reclamation provisions of the Federal Mining Control and Reclamation Act and the powers and duties already vested in and imposed upon the Conservation Commission and the Conservation Districts, it is evident that the latter have sufficient statutory authority and programmatic capability to perform such work in conformance with the provisions of the Federal Act. Specifically, the purpose of the Federal Act (Section 102h) is to reclaim mined areas which are substantially degrading the quality of the environment, and thereby damaging the beneficial use of land or water resources or endangering the health or safety of the public. The objective of the Conservation Commission and the Conservation Districts is decidedly similar in nature and purpose, to wit, to control and prevent soil erosion, preserve natural beauty, protect public lands, protect and promote the health, safety and general welfare of the people (82 O.S. 1501-102 [82-1501-102] (1971)); and to conduct operations for the conservation of renewable natural resources (82 O.S. 1501-205 [82-1501-205] (1971)). Although the Department of Mines presumably has the personnel, expertise and programmatic capability of fulfilling the functions necessary to administer reclamation projects, its authority was specifically intended to encompass reclamation projects associated with mines permitted by said agency. Moreover, it is evident that this is not the only state agency vested with the requisite statutory authorization to carry out such programs. The Conservation Commission and the Conservation Districts both have sufficient statutory authorization to perform the necessary functions. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Conservation Commission and Conservation Districts have the power to administer the state program aspect of Title IV (Abandoned Mines) of the Federal Surface Mining Control and Reclamation Act of 1977 (Public Law 95-87). (AMALIJA J. HODGINS) (ksg)